UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE D. YOUNG,

        Petitioner,        Case No. 4:06-cv-124

v.        Honorable Richard Alan Enslen

ST. JOSEPH COUNTY SHERIFF
DEPARTMENT et al.,

        Respondents.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On December 1, 2006, I recommended that the court dismiss Petitioner's application because it failed to state a claim (docket #4). After he requested an extension of time, Petitioner was ordered to file objections to the report and recommendation by January 31, 2007 (docket #7). Petitioner did not file any objections. Instead, on January 10, 2007, Petitioner filed an amended petition for writ of habeas corpus (docket #8).[1] After reviewing Petitioner's proposed amended habeas application, I recommend that it be summarily dismissed, and that the court adopt the December 1, 2006 report and recommendation unless Petitioner files objections thereto within ten days.

---

[1] I treat Petitioner's amended application as if it were filed on January 10, 2007. Under Sixth Circuit precedent, an application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner's amended application was notarized on January 10, 2007, and it was received by the Court on February 6, 2007. Thus, it must have been handed to prison officials for mailing at some time between January 10 and February 6; I gave him the benefit of the earliest possible date. *See id.*

**Discussion**

I.   Factual allegations

Petitioner seeks habeas relief based on St. Joseph County, Michigan officials' 2003 extradition of Petitioner to Indiana to face criminal charges there without first conducting a pre-transfer hearing under the Uniform Criminal Extradition Act (UCEA), MICH. COMP. LAWS §§ 780.1 *et seq*. He further alleges that officials at the Indiana correctional facility to which we was extradited accepted and detained him without proper documentation. I note that Petitioner is apparently no longer incarcerated in either state, as he states in his amended application that he currently resides in Three Rivers, Michigan, with his family. (*See* Am. Pet. at 1, docket #8).

I recommended that the court dismiss Petitioner's application because it fails to state a claim warranting habeas relief. Petitioner fails to meet a threshold requirement of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 STAT. 1214 (AEDPA). Petitioner was not "'in custody' under the conviction or sentence under attack" at the time he filed his habeas application, which is a prerequisite of the AEDPA. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Petitioner was detained in Indiana pursuant to a conviction for failure to pay child support, but in his habeas application, he attacked not his conviction for failure to pay child support, but the process by which Michigan and Indiana officials detained and exchanged him under the UCEA. *See Curtis v. United States*, 123 F. App'x 179, 183 (6th Cir. 2005). Furthermore, alleged defects in extradition procedure may not form the basis of a viable habeas corpus action. *See e.g. Gee v. State of Kan.*, 912 F.2d 414, 416 (10th Cir. 1990) (citing *Frisbie v. Collins*, 342 U.S. 519, 522 (1952)); *Metheny v. Hamby*, 835 F. 2d 672, 675 (6th Cir. 1987); *Curtis*, 123 F. App'x at 184; *Mars v. United States*, 615 F.2d 704 (6th Cir. 1980). This court

may only review on habeas alleged violations of the detainer act that entail a "fundamental defect" resulting in a "complete miscarriage of justice" or "an omission inconsistent with rudimentary demands of fair procedure." *See Smith v. Elo*, 23 F. App'x 310, 315 (6th Cir. 2001).

      II.    Merits

A party may amend his pleading once as a matter of course at any time before a responsive pleadings has been served. FED. R. CIV. P. 15(a). In this case however, the amended petition will not change the outcome of this case. I therefore recommend that it, like the original petition, be summarily dismissed for failure to state a claim.

Petitioner's amended application is a mere rehashing of the very same facts and arguments set forth in his original application. The only new allegation in the amended petition is that Respondents' failure to follow UCEA procedures has defamed him and caused him and his family members extreme emotional distress. (*See* Am. Pet. at 3). Therefore, the amended petition, like the original petition, fails to allege violations of the UCEA that amount to fundamental defects resulting in a complete miscarriage of justice or omissions that ran afoul of rudimentary demands of fair procedure. The amended petition does not change Petitioner's failure to meet the threshold requirement that he be in custody pursuant to the conviction he is challenging; nor does it circumvent precedent that precludes alleged procedural defects in inter-state detainers like Petitioner's to form the basis of a valid habeas claim. *See* 28 U.S.C. § 2254(a); *Maleng,* 490 U.S. at 490-91; *Curtis,* 123 F. App'x at 183; *Gee,* 912 F.2d at 416; *Metheny,* 835 F. 2d at 675.

**Recommended Disposition**

For the foregoing reasons, I recommend that the amended habeas corpus petition be summarily dismissed pursuant to Rule 4 because it, like the original petition, fails to state a valid

habeas claim.  I further recommend that the court adopt the December 1, 2006 report and recommendation unless Petitioner files objections thereto within ten days of the date of this report. Finally, I recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date:  March 6, 2007                                           /s/ Ellen S. Carmody
                                                            ELLEN S. CARMODY
                                                            United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).